UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
In re                                       )    Chapter 7
                                            )
                                            )    Case No. 06-11451 (REG)
                                            )
Milagros Reyes,                             )
                                            )
                                            )
                    Debtor.                 )
_____)
                                            )
Citibank (South Dakota), N.A.,              )    Adversary No. 06-01693 (REG)
                                            )
                                            )
                    Plaintiff,              )
            - against -                     )
                                            )
Milagros Reyes,                             )
                                            )
                    Defendant.              )
_____)

**DECISION AND ORDER ON AWARD OF SANCTIONS**

In this adversary proceeding under the umbrella of the chapter 7 case of Debtor Milagros Reyes, the Court on its own motion requested that the parties address whether the Defendant, Mrs. Reyes, should be awarded the reasonable expenses incurred in defending the withdrawn motion to compel discovery brought on behalf of Plaintiff Citibank (South Dakota), N.A. by its counsel, Solomon and Solomon, P.C. ("Solomon").

After reviewing the record, including the affidavits and legal memoranda submitted after the December 13, 2006 hearing, the Court will in the exercise of its discretion not award sanctions here, but only by reason of special circumstances in this case. On September 8, 2006, Solomon served its first discovery request on Mrs. Reyes'

1

counsel.  After a single follow-up letter and without conferring directly with Mrs. Reyes' counsel, Solomon moved to compel answers to those interrogatories on November 16, 2006.  It is undisputed that Solomon failed to include a certification in its motion to compel discovery that it had in good faith conferred or attempted to confer with Mrs. Reyes' counsel concerning the disputed interrogatories, as is required by both Fed.R.Civ.P. 37 and the Local Rules of this Court.  In the absence of unusual circumstances, this failure would demand denial of the motion to compel and, in nearly all cases, an award of the opponent's reasonable expenses.

However, it also appears that Mrs. Reyes' counsel failed to serve the relevant interrogatory answers on Solomon until December 7, 2006, though they were seemingly answered on November 10, 2006, before Solomon's motion to compel was brought.  Moreover, it is not clear if Solomon obtained actual possession of the interrogatory answers until December 11, 2006, only two days before the motion's return date.  Thus, though Solomon acted in blatant noncompliance with the rule, the resulting damages were also caused, in part, by the delay in service of the interrogatories on Solomon.

In the exercise of its discretion, the Court does not find that sanctions are warranted.  Though Solomon could have avoided the need for both the Court and Mrs. Reyes to address its superfluous motion to compel by complying with the "Meet and Confer" requirement of Rule 37, Mrs. Reyes' counsel's failure to promptly serve the answers that had been previously executed exacerbated the situation.

In the future, counsel are to strictly adhere to the certification requirement in Rule 37 and are to confer in good faith to consensually resolve all discovery disputes before bringing such issues before the Court.  Counsel should be on notice that in the absence of

unusual circumstances like those present here, any future violations of the "Meet and Confer" requirement causing unnecessary work to be performed by opposing counsel or the Court <u>will</u> result in sanctions.

SO ORDERED

Dated: New York, New York       *s/ **Robert E. Gerber***
       March <u>*17*</u>, 2008             United States Bankruptcy Judge